UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FAITH HABACHI and GEORGE HABACHI,　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiffs,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:　　ECF Case
　　　　　v.　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:　　No. 07 Civ. 11053 (LLS)
UNITED STATES OF AMERICA,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendant.　　　　　　　　　　　:
------------------------------------------------------------------x


MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
GEORGE HABACHI'S CLAIM, TO LIMIT FAITH HABACHI'S
DEMAND FOR RELIEF, AND TO STRIKE PLAINTIFFS' JURY DEMAND


　　　　　　　　　　　　　　　　　　　　MICHAEL J. GARCIA
　　　　　　　　　　　　　　　　　　　　United States Attorney for the
　　　　　　　　　　　　　　　　　　　　Southern District of New York
　　　　　　　　　　　　　　　　　　　　86 Chambers Street, 3rd Floor
　　　　　　　　　　　　　　　　　　　　New York, New York  10007
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 637-2722
　　　　　　　　　　　　　　　　　　　　Facsimile:  (212) 637-2687


ROBERT WILLIAM YALEN
Assistant United States Attorney
　　　– Of Counsel –

## TABLE OF CONTENTS

                               <u>Page</u>:

Preliminary Statement ................................................................................................. 1

Statement of the Case ................................................................................................. 2

   The Allegations of the Complaint ..................................................................... 2

   Administrative Exhaustion .................................................................................. 3

Argument ...................................................................................................................... 3

   I.  Because Mr. Habachi Did Not Exhaust Administrative
      Remedies as Required by the FTCA, His Claim Is
      Barred by Sovereign Immunity ................................................................ 4

   II.  Mrs. Habachi's Claim Should Be Limited to the
      Amount Demanded in Her Administrative Claim .................................. 6

   III.  Plaintiffs' Jury Demand Should Be Stricken ......................................... 7

Conclusion ..................................................................................................................... 8

## TABLE OF AUTHORITIES

Cases:                                                                                                                     Page:

Adeleke v. United States,
    355 F.3d 144 (2d Cir. 2004) ............................................................................................. 4

Block v. North Dakota,
    461 U.S. 273 (1983) ........................................................................................................... 4

Blockbuster, Inc. v. Galeno,
    472 F.3d 53 (2d Cir. 2006) ............................................................................................... 3

Carlson v. Green,
    446 U.S. 14 (1980) ............................................................................................................. 7

Celestine v. Mount Vernon Neighborhood Health Ctr.
    403 F.3d 76 (2d Cir. 2005) ............................................................................................... 4

Dolan v. United States Postal Serv.,
    546 U.S. 481 (2006) ........................................................................................................... 6

Garland-Sash v. Lewis,
    No. 05 Civ. 6827 (WHP), 2007 WL 935013 (S.D.N.Y. Mar. 26, 2007) ....................... 3, 7

Heaton v. United States,
    383 F. Supp. 589 (S.D.N.Y. 1974) .................................................................................... 5

Young v. United States Postal Serv. (In re Young),
    869 F.2d 158 (2d Cir, 1989) .............................................................................................. 7

Isahack v. United States,
    No. 00 Civ. 9656 (BSJ), 2001 WL 1456519 (S.D.N.Y. Nov. 15, 2001) .......................... 5

Keene Corp. v. United States,
    700 F.2d 836 (2d Cir. 1983) .............................................................................................. 5

Makarova v. United States,
    201 F.3d 110 (2d Cir. 2000) .......................................................................................... 3, 4

Mallard v. Menifee,
    No. 99 Civ. 0923 (SAS), 2000 WL 557262 (S.D.N.Y. May 8, 2000) .............................. 6

McNeil v. United States,
    508 U.S. 106 (1993) ........................................................................................................... 6

Phifer v. City of New York
    289 F.3d 49 (2d Cir. 2002) .................................................................................... 3

Rispoli v. United States,
    576 F. Supp. 1398, 1403 (E.D.N.Y. 1983),
    aff'd, 779 F.2d 35 (2d Cir. 1985) (table) ............................................................... 5

Rodriguez v. United States,
    No. 02 Civ. 6947 (SHS), 2003 WL 21961121 (S.D.N.Y. Aug. 14, 2003) ........... 5

Sorge v. United States,
    No. 95 Civ. 5325 (RO), 1997 WL 603451 (S.D.N.Y. Sept. 30, 1997) ............... 5

Millares Guiraldes de Tineo v. United States,
    137 F.3d 715 (2d Cir. 1998) .................................................................................. 3

Statutes:

28 U.S.C. § 2402 ............................................................................................................ 1, 7

28 U.S.C. § 2675(a) ................................................................................................... 1, 3, 4

28 U.S.C. § 2675(b) ...................................................................................................... 1, 6

Regulations:

28 C.F.R. § 14.2(a) ............................................................................................................ 3

Defendant United States of America (the "United States") respectfully submits this memorandum in support of its motion (*i*) to dismiss the claim of plaintiff George Habachi ("Mr. Habachi") for lack of subject matter jurisdiction because he failed to exhaust administrative remedies, (*ii*) to limit the claim of plaintiff Faith Habachi ("Mrs. Habachi") to the extent it demands recovery in an amount greater than the recovery she sought in the administrative claim she submitted to the Drug Enforcement Administration ("DEA"), and (*iii*) to strike plaintiffs' jury demand.

PRELIMINARY STATEMENT

Sovereign immunity requires dismissal of Mr. Habachi's claim for loss of society, services and consortium for lack of subject matter jurisdiction, because Mr. Habachi did not exhaust administrative remedies, an express condition on the waiver of sovereign immunity for certain tort actions against the United States contained in the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2675(a). Mrs. Habachi's claim for personal injury damages must be limited to the $1,000,000 she demanded in her administrative claim, rather than the $10,000,000 she seeks in her complaint, because with an exception not relevant here the FTCA only waives sovereign immunity to the extent of the demand contained in an administrative claim. *See* 28 U.S.C. § 2675(b). Finally, the demand of Mr. and Mrs. Habachi for trial by jury should be stricken because Congress has provided that FTCA actions be tried to the Court. *See* 28 U.S.C. § 2402. Accordingly, Mr. Habachi's claim should be dismissed in its entirety, and Mrs. Habachi's claim should be limited to $1,000,000 and her demand for greater amounts should be dismissed, and plaintiffs' jury demand should be stricken.

STATEMENT OF THE CASE

*The Allegations of the Complaint*

Plaintiffs allege that on January 17, 2007, Faith Habachi was a pedestrian at the intersection of 10th Avenue and 20th Street in Manhattan. *See* Complaint ("Compl.") ¶ 42. They claim that at that time she was struck by a car driven by Ronald Bethune, *see id.* ¶¶ 41-42, whom they allege was operating the vehicle with the knowledge, consent, and permission of the DEA and the United States. *See id.* ¶¶ 13-18. They further allege that Bethune was acting within the scope of his employment with the DEA and United States. *See id.* ¶¶ 19-20. They contend that Bethune drove the car negligently and recklessly, *see id.* ¶ 45, and that this alleged negligence and recklessness resulted in the vehicle's having struck Mrs. Habachi, *see id.* ¶ 44.

Mrs. Habachi claims that this accident caused her serious personal injuries. *See id.* ¶¶ 46, 50. She seeks to recover "an amount not to exceed the sum of TEN MILLION (10,000,000.00) DOLLARS." *Id.* at p.6 (*ad damnum*). In a separate cause of action, Mr. Habachi claims that during the relevant time he "was the lawful spouse" of Mrs. Habachi, and "as such . . . was entitled to [her] society, service and consortium." *Id.* ¶ 52. Mr. Habachi alleges that, as a result of the accident, he was "deprived of the aforesaid society, service and consortium of his spouse." *Id.* ¶ 53. Mr. Habachi claims that as a result of this alleged deprivation he "has been damaged in the amount of TWO MILLION (2,000,000.00) DOLLARS," *id.*, and seeks recovery of damages in that amount. *See id.* Plaintiffs demand a jury on their causes of action. *See id.* ¶ 5.

*Administrative Exhaustion*

As described in further detail below, the FTCA requires tort plaintiffs to submit their claims administratively for consideration by the relevant federal agency prior to filing an action against the United States. *See* 28 U.S.C. § 2675(a). In the present case, Faith Habachi submitted an administrative claim for her personal injuries, using "Standard Form 95" ("SF-95"), a form approved by the Department of Justice for use in the presentation of FTCA claims. *See* Declaration of Robert William Yalen ("Yalen Decl."), dated February 13, 2008, Ex. A (Faith Habachi's SF-95); *see also* 28 C.F.R. § 14.2(a) (noting role of SF-95). Mrs. Habachi stated in the SF-95 that the amount of her claim was $1,000,000. *See* Yalen Decl. Ex. A, at 1. Unlike Mrs. Habachi, Mr. Habachi never submitted an administrative claim. *See* Declaration of Bettie E. Goldman ("Goldman Decl."), dated February 12, 2008, ¶ 6.

## ARGUMENT

The "burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements." *Garland-Sash v. Lewis*, No. 05 Civ. 6827 (WHP), 2007 WL 935013, at *5 (S.D.N.Y. Mar. 26, 2007); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."). As a statute waiving sovereign immunity under certain circumstances, "[a]ny limitations imposed by [the FTCA], whether they be substantive, procedural, or temporal, are to be strictly applied against the claimant." *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998). Because the FTCA's requirements are jurisdictional, *see Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000), the Court is not limited to plaintiffs' allegations but "may consider materials extrinsic to the complaint," *Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002).

I.   Because Mr. Habachi Did Not Exhaust Administrative Remedies as
      <u>Required by the FTCA, His Claim Is Barred by Sovereign Immunity</u>

Because Mr. Habachi did not comply with the FTCA's administrative exhaustion requirement, sovereign immunity requires dismissal of his claim.  As the Supreme Court has stated, "[t]he basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."  *Block v. North Dakota*, 461 U.S. 273, 287 (1983).  Courts may not deem Congress to have waived sovereign immunity unless Congress has "'unequivocally expressed' [the waiver] in statutory text."  *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (quoting *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33 (1992)).  It is a plaintiff's burden to demonstrate that sovereign immunity has been waived, *see Makarova*, 201 F.3d at 113, and in the absence of an applicable waiver, the Court lacks jurisdiction, *see id.*

Here, no applicable waiver exists for Mr. Habachi's claim.  Although Congress has provided a limited waiver of sovereign immunity in the FTCA for certain common law tort claims, that waiver is expressly limited by the FTCA's requirement that an administrative tort claim be presented to the relevant agency for potential settlement prior to commencement of an FTCA lawsuit:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added); *see also Celestine v. Mount Vernon Neighborhood Health Ctr.* 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is

-4-

jurisdictional . . . ."). "If the claimant does not comply with [this] presentment requirement of the FTCA, then the district court does not have subject matter jurisdiction over the claim because the government has waived its sovereign immunity only to the extent that the requirements of the FTCA have been met." *Sorge v. United States*, No. 95 Civ. 5325 (RO), 1997 WL 603451, at *2 (S.D.N.Y. Sept. 30, 1997). As a limitation on the waiver of sovereign immunity, the FTCA's presentment requirement "must be adhered to strictly." *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983).

Because Mr. Habachi never exhausted administrative remedies as to his claim for loss of society, services and consortium, *see* Goldman Decl. ¶ 6, his claim must be dismissed. It is well settled that a plaintiff asserting a claim such as loss of society, services, and consortium may not rely on his or her spouse's submission of a claim for personal injury damages, but instead must present a distinct claim for such loss. *See Rodriguez v. United States*, No. 02 Civ. 6947 (SHS), 2003 WL 21961121, at *2 (S.D.N.Y. Aug. 14, 2003) ("It is well settled that Aponte, as Rodriguez's spouse, is also required to file a separate administrative claim . . . before bringing a lawsuit against the United States."); *Isahack v. United States*, No. 00 Civ. 9656 (BSJ), 2001 WL 1456519, at *3 (S.D.N.Y. Nov. 15, 2001) ("Even if Bharnie Isahack's claims were timely, her husband's claims for loss of affection, services and consortium would be dismissed. Abdul Isahack never filed an administrative claim with the relevant agency, nor were his claims included with his wife's submissions."); *Rispoli v. United States*, 576 F. Supp. 1398, 1403 (E.D.N.Y. 1983) (dismissing "loss of services" claim for failure to exhaust administrative remedies despite proper exhaustion of spouse's personal injury claim), *aff'd*, 779 F.2d 35 (2d Cir. 1985) (table); *Heaton v. United States*, 383 F. Supp. 589, 590-91 (S.D.N.Y. 1974) (dismissing claim for loss of services and consortium for failure to exhaust claim, even though

-5-

spouse's personal injury claim had been exhausted); *see also Dolan v. United States Postal Serv.*, 546 U.S. 481, 483 (2006) (noting that plaintiffs had conceded that loss of consortium claim was "barred for failure to exhaust administrative remedies"). Accordingly, because Mr. Habachi never filed an administrative claim, *see* Goldman Decl. ¶ 6, his claim should be dismissed for lack of jurisdiction.

II.     Mrs. Habachi's Claim Should Be Limited to the
        <u>Amount Demanded in Her Administrative Claim</u>

Except in the case of changed circumstances, the FTCA limits the recovery of a tort plaintiff to the amount that he or she claimed in the administrative process. The statute provides:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b); *see also McNeil v. United States*, 508 U.S. 106, 108 n.2 (1993) (noting that in an FTCA action the plaintiff "would have been limited in his recovery to" the amount sought in his administrative claim). Although the statute permits damages greater than those sought in the administrative claim to be sought "based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim" or "intervening facts," 28 U.S.C. § 2675(b), that exception has been narrowly construed to apply only where the changed circumstances were "truly unexpected and unforeseen and thus not reasonably capable of detection at the time the administrative claim was filed." *Mallard v. Menifee*, No. 99 Civ. 0923 (SAS), 2000 WL 557262, at *6 (S.D.N.Y. May 8, 2000).

Mrs. Habachi's demand in this litigation, seeking $10,000,000 in damages, *see* Compl. at p.6 (*ad damnum*), far exceeds the amount, $1,000,000, that she sought in her administrative

claim, *see* Yalen Decl. Ex. A, at 1.  She alleges no facts in her complaint to suggest that any unexpected and unforeseen circumstances have required her to change her demand.  *See Garland-Sash*, 2007 WL 935013, at *5 (noting that plaintiff has the burden of providing compliance with the FTCA's requirements).  Thus, Mrs. Habachi's demand for relief should be limited in amount to $1,000,000.

III.     Plaintiffs' Jury Demand Should Be Stricken

Although plaintiffs have demanded a jury, *see* Compl. ¶ 5, Congress has provided that FTCA actions and certain other actions against the United States "shall be tried by the court without a jury."  28 U.S.C. § 2402.  As the Supreme Court has stated, "a plaintiff cannot opt for a jury in an FTCA action."  *Carlson v. Green*, 446 U.S. 14, 22 (1980); *see also Young v. United States Postal Serv. (In re Young)*, 869 F.2d 158, 159 (2d Cir, 1989) (holding that "congress has generally prohibited trial by jury in suits against the United States," and noting that "the right to jury trial against an agency of the United States could exist only if congress 'affirmatively and unambiguously' grants such a right").  Accordingly, plaintiffs' jury demand should be stricken from the complaint.

<u>CONCLUSION</u>

For the foregoing reasons, defendant respectfully requests that the Court grant its motion to dismiss George Habachi's claim in its entirety, to limit Faith Habachi's demand for relief to $1,000,000, and to strike plaintiffs' jury demand.

Dated: New York, New York
February 13, 2008

        Respectfully submitted,

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York
        *Attorney for Defendant*

By:  /s/ Robert William Yalen
        ROBERT WILLIAM YALEN
        Assistant United States Attorney
        Telephone: (212) 637-2722
        Facsimile:  (212) 637-2687
        E-mail: robert.yalen@usdoj.gov