MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:     ROBERT WILLIAM YALEN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York  10007
Telephone: (212) 637-2722
Facsimile:  (212) 637-2687
E-mail:  robert.yalen@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- x

| | | |
|---|---|---|
| FAITH HABACHI, | : | |
| | : | |
| Plaintiff, | : | ECF Case |
| | : | |
| v. | : | No. 07 Civ. 11053 (LLS) |
| | : | |
| UNITED STATES OF AMERICA, | : | **ANSWER** |
| | : | |
| Defendant. | : | |

---------------------------------------------------------- x

        Defendant United States of America, by and through its attorney, Michael J. Garcia,

United States Attorney for the Southern District of New York, answers the complaint of plaintiff

Faith Habachi[1] on information and belief as follows:

ANSWER

        1.      Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 1 of the complaint.[2]

---

[1]      Although the complaint initially was filed on behalf of both Faith Habachi and George
Habachi, by stipulation of the parties entered as an Order of the Court on March 21, 2008 (the
"March 21 Order") George Habachi's claims were dismissed, Mr. Habachi was dismissed from
the lawsuit, and the caption was amended to reflect that Faith Habachi is the sole plaintiff
remaining in the case.  All references herein to "plaintiff" refer to Faith Habachi.

[2]      Paragraphs 1, 2, and  10 through 40 of the complaint each contain the vague term "at all
times hereinafter mentioned."  Defendant understands this phrase to mean "on or about January

2.      Defendant denies the allegations of paragraph 2 of the complaint but admits that the United States of America is a government entity existing, among other places, in the State of New York.

3.      Defendant states that the allegations of paragraph 3 of the complaint set forth plaintiff's characterization of her action, to which no response is required.

4.      Defendant states that the allegations of paragraph 3 of the complaint set forth plaintiff's characterization of her action, to which no response is required.

5.      The allegations of paragraph 5 of the complaint set forth plaintiff's demand for a jury trial, which has been stricken pursuant to the March 21 Order.

6.      Defendant denies the allegations paragraph 6 of the complaint; states that plaintiff's Federal Tort Claims Act ("FTCA") claim was presented to the Drug Enforcement Administration ("DEA") on March 19, 2007; and refers the Court to plaintiff's claim for its content.

7.      To the extent that the allegations of paragraph 7 of the complaint are factual allegations, defendant denies those allegations, except admits that plaintiff commenced this action more than six months after having presented her FTCA claim, at which time DEA had not yet issued a decision on the claim, and avers that on January 28, 2008, DEA denied plaintiff's claim.  To the extent that the allegations of paragraph 7 are conclusions of law, defendant states that no response is required.

8.      Defendant states that the allegations of paragraph 8 of the complaint are conclusions of law, to which no response is required.

_____

17, 2007," the date of the accident in question, and answers these paragraphs on that basis.

9.    Defendant admits that the United States of America is a defendant in this action, and states that the remaining allegations of paragraph 9 of the complaint are conclusions of law and plaintiff's characterization of her complaint, to which no response is required.

10.    Defendant denies the allegations of paragraph 10 of the complaint.

11.    Defendant denies the allegations of paragraph 11 of the complaint.

12.    Defendant admits the allegations of paragraph 12 of the complaint.

13.    Defendant admits the allegations of paragraph 13 of the complaint.

14.    Defendant admits the allegations of paragraph 14 of the complaint, except denies that the United States Department of Justice or the Drug Enforcement Administration is a defendant in this action.

15.    Defendant admits the allegations of paragraph 15 of the complaint.

16.    Defendant admits the allegations of paragraph 16 of the complaint.

17.    Defendant admits the allegations of paragraph 17 of the complaint.

18.    Defendant admits the allegations of paragraph 18 of the complaint.

19.    Defendant admits the allegations of paragraph 19 of the complaint.

20.    Defendant admits the allegations of paragraph 20 of the complaint

21.    Defendant denies the allegations of paragraph 21 of the complaint; states that the phrase "managed the aforesaid vehicle" is ambiguous, vague and undefined; and avers on information and belief that the motor vehicle in question was a leased vehicle provided to Ronald Bethune by a state agency for use in connection with work as a deputized Task Force Officer of the Drug Enforcement Administration New York Drug Enforcement Task Force.

22.    Defendant denies the allegations of paragraph 22 of the complaint; states that the phrase "managed the aforesaid vehicle" is ambiguous, vague and undefined; and avers on information and belief that the motor vehicle in question was a leased vehicle provided to Ronald Bethune by a state agency for use in connection with work as a deputized Task Force Officer of the Drug Enforcement Administration New York Drug Enforcement Task Force.

23.    Defendant denies the allegations of paragraph 23 of the complaint; states that the phrase "managed the aforesaid vehicle" is ambiguous, vague and undefined; and avers on information and belief that the motor vehicle in question was a leased vehicle provided to Ronald Bethune by a state agency for use in connection with work as a deputized Task Force Officer of the Drug Enforcement Administration New York Drug Enforcement Task Force.

24.    Defendant denies the allegations of paragraph 24 of the complaint; states that the phrase "maintained the aforesaid vehicle" is ambiguous, vague and undefined; and avers on information and belief that pursuant to the operative leasing arrangement leasing company approval was required, in whole or part, for maintenance of the vehicle.

25.    Defendant denies the allegations of paragraph 25 of the complaint; states that the phrase "maintained the aforesaid vehicle" is ambiguous, vague and undefined; and avers on information and belief that pursuant to the operative leasing arrangement leasing company approval was required, in whole or part, for maintenance of the vehicle.

26.    Defendant denies the allegations of paragraph 26 of the complaint; states that the phrase "maintained the aforesaid vehicle" is ambiguous, vague and undefined; and avers on information and belief that pursuant to the operative leasing arrangement leasing company approval was required, in whole or part, for maintenance of the vehicle.

27.    Defendant denies the allegations of paragraph 27 of the complaint; states that the phrase "controlled the aforesaid vehicle" is ambiguous, vague and undefined; and avers on information and belief that the motor vehicle in question was a leased vehicle provided to Ronald Bethune by a state agency for use in connection with work as a deputized Task Force Officer of the Drug Enforcement Administration New York Drug Enforcement Task Force.

28.    Defendant denies the allegations of paragraph 28 of the complaint; states that the phrase "controlled the aforesaid vehicle" is ambiguous, vague and undefined; and avers on information and belief that the motor vehicle in question was a leased vehicle provided to Ronald Bethune by a state agency for use in connection with work as a deputized Task Force Officer of the Drug Enforcement Administration New York Drug Enforcement Task Force.

29.    Defendant denies the allegations of paragraph 29 of the complaint; states that the phrase "controlled the aforesaid vehicle" is ambiguous, vague and undefined; and avers on information and belief that the motor vehicle in question was a leased vehicle provided to Ronald Bethune by a state agency for use in connection with work as a deputized Task Force Officer of the Drug Enforcement Administration New York Drug Enforcement Task Force.

30.    Defendant denies the allegations of paragraph 30 of the complaint; states that the phrase "repaired the aforesaid vehicle"  is ambiguous, vague and undefined; and avers on information and belief that pursuant to the operative leasing arrangement leasing company approval was required, in whole or part, for repair of the vehicle.

31.    Defendant denies the allegations of paragraph 31 of the complaint; states that the phrase "repaired the aforesaid vehicle" is ambiguous, vague and undefined; and avers on

information and belief that pursuant to the operative leasing arrangement leasing company approval was required, in whole or part, for repair of the vehicle.

32.     Defendant denies the allegations of paragraph 32 of the complaint; states that the phrase "repaired the aforesaid vehicle" is ambiguous, vague and undefined; and avers on information and belief that pursuant to the operative leasing arrangement leasing company approval was required, in whole or part, for repair of the vehicle.

33.     Defendant denies the allegations of paragraph 33 of the complaint; states that the phrase "inspected the aforesaid vehicle" is ambiguous, vague and undefined; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34.     Defendant denies the allegations of paragraph 34 of the complaint; states that the phrase "inspected the aforesaid vehicle" is ambiguous, vague and undefined; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34..

35.     Defendant denies the allegations of paragraph 35 of the complaint; states that the phrase "inspected the aforesaid vehicle" is ambiguous, vague and undefined; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

36.     Defendant denies the allegations of paragraph 36 of the complaint; states that the phrase "supervised the aforesaid vehicle" is ambiguous, vague and undefined; and avers on information and belief that the motor vehicle in question was a leased vehicle provided to

Ronald Bethune by a state agency for use in connection with work as a deputized Task Force Officer of the Drug Enforcement Administration New York Drug Enforcement Task Force.

37.     Defendant denies the allegations of paragraph 37 of the complaint; states that the phrase "supervised the aforesaid vehicle" is ambiguous, vague and undefined; and avers on information and belief that the motor vehicle in question was a leased vehicle provided to Ronald Bethune by a state agency for use in connection with work as a deputized Task Force Officer of the Drug Enforcement Administration New York Drug Enforcement Task Force.

38.     Defendant denies the allegations of paragraph 38 of the complaint; states that the phrase "supervised the aforesaid vehicle" is ambiguous, vague and undefined; and avers on information and belief that the motor vehicle in question was a leased vehicle provided to Ronald Bethune by a state agency for use in connection with work as a deputized Task Force Officer of the Drug Enforcement Administration New York Drug Enforcement Task Force.

39.     Defendant admits the allegations of paragraph 39 of the complaint to the extent that at the time of the accident at issue in this lawsuit plaintiff was a pedestrian, and otherwise denies knowledge or information sufficient to form a belief as to the truth of paragraph 39.

40.     Defendant admits the allegations of paragraph 40 of the complaint.

41.     Defendant admits the allegations of paragraph 41 of the complaint.

42.     Defendant admits the allegations of paragraph 42 of the complaint.

43.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the complaint.

44.    Defendant denies the allegations of paragraph 44 of the complaint insofar as they are allegations of fact, and states that insofar as the allegations of paragraph 44 are conclusions of law, no response is required.

45.    Defendant denies the allegations of paragraph 45 of the complaint insofar as they are allegations of fact, and states that insofar as the allegations of paragraph 45 are conclusions of law, no response is required.

46.    Defendant denies the allegations of paragraph 46 of the complaint insofar as they are allegations of fact, and states that insofar as the allegations of paragraph 46 are conclusions of law, no response is required.

47.    Defendant denies the allegations of paragraph 47 of the complaint insofar as they are allegations of fact, and states that insofar as the allegations of paragraph 47 are conclusions of law, no response is required.

48.    Defendant denies the allegations of paragraph 48 of the complaint insofar as they are allegations of fact, and states that insofar as the allegations of paragraph 48 are conclusions of law, no response is required.

49.    Defendant states that the allegations of paragraph 49 of the complaint are plaintiff's characterization of her action, to which no response is required.

50.    Defendant states that allegations of paragraph 50 of the complaint are conclusions of law, to which no response is required; specifically avers that plaintiff is not entitled to the relief sought in this action; and further avers that pursuant to the March 21 Order, plaintiff's demand for relief has been limited to $1 million.

51.    Defendant repeats and realleges its response to paragraphs 1 to 50 of this answer, as if fully set forth herein.

52.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the complaint insofar as they are allegations of fact; states that insofar as the allegations of paragraph 52 are conclusions of law, no response is required; and further avers that pursuant to the March 21 Order, George Habachi has been dismissed from this action.

53.    Defendant denies the allegations of paragraph 53 of the complaint, and further avers that pursuant to the March 21 Order, George Habachi has been dismissed from this action.

54.    The allegations of the paragraph of the complaint following the word "WHEREFORE" sets forth plaintiff's prayers for relief, to which no response is required. Defendants specifically deny that plaintiff is entitled to such relief and further aver that pursuant to the March 21 Order, plaintiff's demand for relief has been limited to $1 million, and George Habachi has been dismissed from this action.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Neither defendant nor its agents and employees breached any duties or were negligent in any manner.

### THIRD DEFENSE

The injuries and damages alleged in the complaint were not proximately caused by a negligent or wrongful act or omission of defendant or any agent or employee of defendant.

### FOURTH DEFENSE

Plaintiff is guilty of negligence or other culpable conduct in total diminution of plaintiff's claims for damages.

### FIFTH DEFENSE

In the event that defendant is found to be negligent, the negligence or other culpable conduct of plaintiff or individuals over whom defendant exercised no control contributed to causing the alleged injuries and damages, and any recovery must be proportionately reduced.

### SIXTH DEFENSE

Plaintiff's recovery, if any, may only be for claims properly asserted in an administrative claim made pursuant to 28 U.S.C. § 2675(b), and may not exceed the amounts set forth in such an administrative claim.

### SEVENTH DEFENSE

Defendant is not liable for interest prior to judgment.  28 U.S.C. § 2674.

EIGHTH DEFENSE

Plaintiffs may not recover costs in excess of those permitted by 28 U.S.C. § 2412.

NINTH DEFENSE

Plaintiff's recovery, if any, must be reduced pursuant to the collateral source statute, N.Y.

Civil Practice Law § 4545(c).

TENTH DEFENSE

Plaintiff's claims are barred because plaintiff sustained neither "serious injury" nor

economic loss in excess of "basic economic loss."  *See* N.Y. Ins. Law §§ 5101-5108.


WHEREFORE, defendant demands judgment dismissing the complaint and granting such

further relief as the Court deems proper, including costs and disbursements.


Dated:  New York, New York
        April 25, 2008

                                    MICHAEL J. GARCIA
                                    United States Attorney
                                    *Attorney for Defendant*

                            By:     /s/ Robert William Yalen
                                    ROBERT WILLIAM YALEN
                                    Assistant United States Attorney
                                    86 Chambers Street, 3rd Floor
                                    New York, New York 10007
                                    Telephone: (212) 637-2722
                                    Facsimile:  (212) 637-2687
                                    E-mail:  robert.yalen@usdoj.gov

TO:     Raymond Silverman, Esq.
        111 Great Neck Road, Suite 101
        Great Neck, New York 11021
        *Attorney for Plaintiff*

-11-